Case 4:24-cv-02142   Document 72   Filed on 03/24/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAAC ZARATE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02142 |
| | § | |
| FNU MOSLEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Plaintiff Isaac Zarate is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He filed a civil rights complaint.

Defendants, Christopher Gibson, Brittney Tilley, Amanda Rappolee, Victor Gates, Christine Alfred, Jose Alvarado, Camille Phillips, Idowu Akinroabu, Courtney Mosley, and Wanda Isbell have filed an amended motion to dismiss. Defendant Dr. Pavan Chilovoju filed a separate motion to dismiss. Zarate has not responded to either of the motions. Based on the pleadings, the motions, and the applicable law, the defendants' motions are granted and the complaint is dismissed. The reasons for this decision are set out below.

**I.   Background**

Zarate complains that the defendants, TDCJ employees, failed to protect him from assault by another inmate, used excessive force against him, seized his legal materials and denied him access to the law library, and retaliated against him by using excessive force and filing false disciplinary charges against him. He also complains about various staffing issues at his unit and

the handling of his grievances, how he was treated during Ramadan, and denial of medical care. He seeks $1 Million in compensatory damages, and various forms of injunctive relief.

## II. Standard of Review

The defendants seek dismissal on grounds of Eleventh Amendment immunity and qualified immunity, and for failure to state a claim on which relief can be granted.

### A. Rule 12(b)(1)

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

### B. Rule 12(b)(6)

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

### III. Analysis

The defendants argue that they are immune from suit for damages in their official capacities under the Eleventh Amendment, that they are qualifiedly immune and that the plaintiff fails to state claim on which relief can be granted.

#### A. Eleventh Amendment Immunity

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The defendants are entitled to dismissal of all official capacity claims for money damages.

#### B. Staffing Decisions

Zarate complains that defendant Victor Alvarado, a TDCJ Major, "failed to remove Sgt. Phillips from Seg on X Pod despite knowing she does not resolve problems." Amended Complaint at 4. Zarate does not allege that Sergeant Phillips violated his rights, he merely complains that he does not think Phillips does a good job. This does not identify any violation of Zarate's rights, and this claim must therefore be dismissed.

#### C. Failure to Protect

Zarate alleges that Warden Gibson and Law Librarian Jones failed to protect him from an assault by another inmate. Zarate contends that Warden Gibson is liable because he was "notified" about danger to Zarate. Zarate does not assert any facts about when Gibson was so notified, what he was notified about, or even when or by who he was allegedly assaulted. He therefore fails to

plead any facts showing that Gibson's or Jones's alleged actions or omissions had any causal relationship with any alleged assault.

> In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations...." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). . "Conclusory allegations and unwarranted deductions of fact are not admitted as true" by a motion to dismiss. *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir.1974).

*Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

### D. Access to Courts

Zarate contends that several defendants violated his right of access to the courts. In particular, he alleges that defendant Gates verbally threatened him not to go to the law library, that defendant Alfred lied to get him thrown out of the law library, and that defendant Jones threw him out of the law library and failed to give him legal correspondence. Prison inmates have a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right requires that prison officials provide a reasonable opportunity to file non-frivolous legal claims. *Lewis v. Casey*, 518 U.S. 343, 353-54 (1996). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). To prevail on a claim of denial of access to the courts, a plaintiff must demonstrate actual harm. *Lewis*, 518 U.S. at 351.

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury,* 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey,* 518 U.S. at 351. *See also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir.1997). He must identify the nonfrivolous, arguable

underlying claim. *Id.* Zarate does not identify any such claim, or any litigation that he was actually hindered from pursuing. He therefore fails to state a claim for denial of access to the courts.

### E. Excessive Force

Zarate alleges excessive force by defendants Gates and Phillips.

#### 1. Defendant Gates

Zarate alleges that defendant Gates "assaulted" him. He offers no other facts in support of this claim. This allegation is wholly conclusory and is subject to dismissal. *Guidry v. Bank*, 954 F.2d at 281.

#### 2. Defendant Phillips

Zarate alleges that defendant Phillips maced him unnecessarily. In assessing a claim that a prison official used excessive force, the question to be answered is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)(internal quotation marks and citations omitted). In *Hudson*, the Court concluded that

> whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

*Id.* at 6-7. The Fifth Circuit has identified several factors to consider:

> 1. the extent of the injury suffered;
> 2. the need for the application of force;
> 3. the relationship between the need and the amount of force used;
> 4. the threat reasonably perceived by the responsible officials; and
> 5. any efforts made to temper the severity of a forceful response.

*Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).

Zarate alleges no facts supporting his claim that the use of mace was excessive under the circumstances. Phillips is entitled to dismissal of this claim.

### F. Retaliation

Zarate alleges that several defendants retaliated against him.

> To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."

*Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir.2008) (citation omitted).

#### 1. Defendant Alfred

Zarate alleges that defendant Alfred retaliated against him for filing a grievance. He does not allege that the grievance involved Alfred, or that Alfred had any knowledge of the grievance. He therefore, at a minimum, fails to allege facts showing that Alfred intended to retaliate against him, or that the grievance was the cause of Alfred's alleged action. This claim must be dismissed.

#### 2. Defendant Jones

Zarate also alleges that defendant Jones, the Law Librarian, retaliated against him for filing the grievance. Again, he does not allege any facts showing that Jones was aware of the grievance. He therefore fails to allege facts showing retaliatory intent or causation. This claim must be dismissed.

#### 3. Defendant Phillips

Zarate alleges that the macing incident discussed above was retaliation for filing a grievance. He further alleges that Phillips filed false disciplinary charges against him in retaliation for the grievance.

Zarate does not allege any facts showing that the grievance concerned Phillips or that Phillips had any knowledge of the grievance, nor does he allege any chronology of events showing retaliation. This claim must be dismissed.

### 4. Defendant Okinrolabu

Zarate's allegations concerning defendant Okinrolabu are not clear, but he seems to allege that this defendant told other inmates not to give Zarate a food tray in retaliation for Zarate asking to speak to a sergeant. Again, Zarate alleges no chronology from which retaliatory intent or causation can be inferred. This claim, too, must be dismissed.

### G. Due Process

Zarate alleges that defendant Alvarado demoted Zarate to a lower classification without bringing Zarate before the Unit Classification Committee. An inmate, however, has no protected liberty interest in his classification. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). There was therefore no deprivation of life, liberty, or property, and no process was due.

Zarate next alleges that Warden Gibson denied him due process by failing to properly investigate Zarate's grievance. Inmates, however, have no protected liberty interest in the handling of their grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Zarate also alleges that his parole was affected because C.O. Rappolee did not follow TDCJ procedures. Because parole is speculative, however, inmates have no protected liberty interest in parole. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Zarate fails to state a claim for denial of due process.

### H. **Deliberate Indifference to Serious Medical Needs**

Zarate alleges that several defendants were deliberately indifferent to his serious medical needs. The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Thus, an Eighth Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.* To rise to the level of a constitutional violation, however, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, .but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

#### 1. **Defendant Mosley**

Zarate alleges that defendant Mosley failed to treat his injuries and improperly charged him for a non-aspirin. Zarate does not identify the injuries he alleges that Mosley failed to treat, nor any other facts from which it can be inferred that he had a serious medical need or that Mosley was deliberately indifferent.

### *2.* **Defendant Isbell**

Zarate alleges in conclusory fashion that defendant Isbell is dismissive of his complaints and forgets who she is treating. He does not allege the existence of any serious medical need or that Isbell's actions rose to the level of a wanton disregard for such needs.

### **3. Defendant Chiluvoju**

Zarate complains that defendant Dr. Pavan Chiluvoju failed to prescribe medication when Zarate complained of pain in his teeth, failed to give Zarate a partial denture, and tried to extract a tooth over Zarate's objection. Zarate does not allege any facts indicating what actual dental problems he suffered from. Moreover, Zarate's allegation that Dr. Chiluvoju tried to extract Zarate's tooth shows that Dr. Chiluvoju attempted to address Zarate's dental issues and did not ignore his complaints or otherwise evince a wanton disregard for Zarate's medical needs. Zarate's disagreement with the treatment provided does not demonstrate deliberate indifference. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013)(internal quotation marks and citations omitted). Zarate fails to state a claim for relief against Dr. Chiluvoju.

### **I. Religious Freedom**

Zarate contends that defendant Akinrolabu violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by ordering other inmates not to give Zarate a food tray during Ramadan. To the extent that Zarate seeks injunctive relief, his claims are moot because he has since been transferred to another unit and neither Akinrolabu nor any of the other defendants has any contact with Zarate. In addition, RLUIPA does not create any individual-capacity claims against state employees, *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 328-

30 (5th Cir. 2009), and the State has sovereign immunity from such claims, *id.* at 331. Zarate is therefore not entitled to any relief under RLUIPA. Moreover, Zarate is not entitled to compensatory damages for a possible First Amendment violation under the Prison Litigation Reform Act because he does not allege any physical injury arising from Akinroabu's alleged actions. *See* 42 U.S.C. § 1997e; *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007). He therefore fails to state a claim on which relief can be granted.

## IV.   Conclusion

For the foregoing reasons, it is ORDERED as follows:

1. The defendants' motions to dismiss (Doc. # 45 and 69) are GRANTED;
2. Zarate's claims for damages against the defendants in their official capacities are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;
3. Zarate's individual capacity claims are DISMISSED WITH PREJUDICE; and
4. All other pending motions are DENIED AS MOOT.

It is so ORDERED.

SIGNED on March 24, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge